Somtim TOBIGA
and Rosemary Tobiga,
*Appellants,*

*v.*

Randolph J. STEVENS,
and Thetford, Stevens, Mario and Schmit,
*Respondents,*

*and*

SOUTHMARK MANAGEMENT
CORPORATION,
*Defendant.*

(C88-0855-CV; CA A63654)

816 P2d 646

Somtim Tobiga, Portland, argued the cause for appellant Rosemary Tobiga and filed the brief *pro se* and for appellant Rosemary Tobiga.

David Paradis, Portland, argued the cause for respondents. With him on the brief was McEwen, Gisvold, Rankin & Stewart, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Plaintiffs appeal from the denial of their "Motion to Set Aside Default Summary Judgment; Request for New Trial; or in the Alternative a Favorable Ruling for Plaintiffs on Defendants' Motion for Summary Judgment." Defendants moved to dismiss the appeal and, on October 16, 1990, we issued an order that provided, in part:

"In the course of deciding respondents' motion, the court has identified a jurisdictional defect requiring dismissal of part of this appeal.

"Appellants appeal from a judgment entered on November 8, 1989. On November 17, 1989, appellants filed a motion to set aside judgment and motion for new trial. Although an order was entered on January 3, 1990, purporting to dispose of both motions, pursuant to ORCP 64F, the motion for new trial was deemed denied on January 2, 1990, 55 days after entry of judgment. Moreover, because the notice of appeal was not filed until February 2, 1990, 31 days after the deemed denied date, the appeal is untimely as to judgment itself. The appeal is timely as to the denial of appellants' motion for relief from judgment; however, any assignment of error in appellants' brief must be limited to the order denying the motion for relief from judgment.

"Accordingly, the court on its own motion dismisses this appeal as to the November 8, 1989, judgment and strikes appellants' brief. The appeal will go forward as to the appeal from the January 3, 1990, order to the extent that it denies appellant's motion for relief from judgment. Appellants' brief is stricken, but they shall have 28 days from the date of this order to file an amended brief."

Plaintiffs' amended brief makes three assignments of error. Only the first relates to the order denying the motion for relief from judgment, which is the only issue we can consider on appeal. We will not consider the second and third assignments, which relate to the judgment itself, because we have already dismissed the appeal from that judgment.

Plaintiffs assert that the trial court erred in denying their motion to set aside the judgment on the grounds of mistake, excusable neglect, surprise or inadvertence. However, what plaintiffs actually contend is that they were unreasonably deprived of their day in court. They urge us to consider any substantive and procedural defects of the case

and to reverse and remand for a trial on the merits. Plaintiffs' appeal can only be characterized as seeking review of the order denying a new trial. That order is not before us, because that portion of plaintiff's appeal was dismissed earlier.

Affirmed.